IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
  )
          Plaintiff, )     CIVIL ACTION NO.
  )
          v. )     C O M P L A I N T
  )     JURY TRIAL DEMAND
WHITEHALL HEALTHCARE OF )
ANN ARBOR, LLC, )
  )
          Defendant. )
_____ )

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices based on religion, and to provide

appropriate relief to Bekki Heys ("Heys") who was adversely affected by such practices. As

alleged in greater particularity in paragraph seven (7) below, Defendant terminated Heys'

employment due to her religion and her need for a religious accommodation.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section

102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Michigan, Southern

Division.

<u>PARTIES</u>

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant, Whitehall Healthcare of Ann Arbor (the "Employer"), a wholly owned subsidiary of Centennial Healthcare Corporation, has continuously been doing business in the State of Michigan and the City of Ann Arbor, and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

6.   More than thirty days prior to the institution of this lawsuit, Heys filed a charge with the Commission alleging violations of Title VII by Defendant, Whitehall Healthcare of Ann Arbor. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   On or about July 15, 2010, Defendant engaged in unlawful employment practices at its Ann Arbor, Michigan location, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2. Having previous knowledge of Heys' requested accommodation to not be scheduled for work on Wednesdays and Sundays due to her sincerely held religious belief as a Jehovah's Witness, Defendant terminated Heys' employment when she informed Defendant that she would not attend work on Sunday, July 18, 2010 due to her sincerely held religious belief.

2

8.   The effect of the practice(s) complained of in paragraph seven (7) above has been to deprive Heys of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

9.   The unlawful employment practices complained of in paragraph seven (7) above were intentional.

10.  The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Heys.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on the sincerely held religious beliefs of its employees, or from denying its employees reasonable accommodations to their sincerely held religious beliefs.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Heys whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Heys, and/or front pay.

D.      Order Defendant to make whole Heys, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, including, but not limited to, job search expenses, in amounts to be determined at trial.

3

E.     Order Defendant to make whole Heys by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven (7) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Heys punitive damages for its malicious and reckless conduct described in paragraph seven (7) above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

s/ Laurie Young
_____
Laurie A. Young
Regional Attorney

s/ Kenneth Bird
_____
Kenneth Bird
Supervisory Trial Attorney

s/ Lauren Gibbs
_____
Lauren G. Gibbs (P67872)
Trial Attorney

Dated: December 9, 2011

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-4620
Lauren.gibbs@eeoc.gov